UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20030-CR-UNGARO
08-22433-CIV-UNGARO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

SHEMTOV MICHTAVI,
    Defendant.
_____/

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO RECUSE

    This court previously issued its Order Denying Defendant's Motion For Recusal or Disqualification of Judge Ursula Ungaro pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.  (D.E. 510 disposing of motions appearing at D.E. 488 and 489)  This memorandum opinion explains the bases for the Court's decision.

    In his affidavit, Defendant alleged that the following acts and omissions demonstrated the undersigned's personal bias and partiality in his case, thereby warranting recusal under § 144: (i) failure to protect Defendant's rights by allowing attorney Joseph S. Rosenbaum to appear and serve as Defendant's counsel although Rosenbaum possessed a conflict of interest with Defendant; (ii) failure to protect Defendant's rights from his attorney's ineffective representation; (iii) failure to provide the Defendant with adequate time to review and prepare a defense in response to the Government's untimely disclosure of *Giglio* materials during his trial; (v) failure to protect Defendant's rights by allowing his trial to be rushed due to the parties' sense of urgency caused by a severe hurricane forecast for south Florida; (vi) the sentencing Defendant to

1

the statutory maximum available under the Sentencing Guidelines; (vii) the denying of Defendant's motions for judgment of acquittal during his trial, and other motions for miscellaneous relief related to his claims that perjured testimony was used against him at trial; and (viii) and that the undersigned's delay in ruling on Defendant's motions for recusal against Assistant United Attorney Benjamin Greenberg, emergency motion to depose Shlomo Cohen, and various other post conviction motions.

## LEGAL ANALYSIS

*Recusal Under 28 U.S.C. § 144*

28 U.S.C. § 144 provides,

> Whenever a party any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

To warrant recusal under 28 U.S.C. § 144 the Eleventh Circuit has held that "the moving party must show that (1) the facts are material and stated with particularity, (2) the facts are such that, if true they would convince a reasonable person that bias exists, and (3) the facts must show that bias is personal, as opposed to judicial in nature." *United States v. Alabama* 828 F.2d 1532, 1540 (11th Cir. 1987). "The judicial officer against whom the disqualification or recusal is sought is the first to review and consider the request." *Johnson v. Stein Mart, Inc* 2009 WL 1424214*1 n.1 (M.D. Fla. 2009) (citing *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir. 1980)). When reviewing a recusal motion under § 144 the trial judge may not pass upon the truthfulness of the affidavit's allegations, and she must determine whether the facts set out in the affidavit are legally sufficient to require recusal. If the affidavit *U.S. v.*

2

*Serrano* 607 F.2d. 1145, 1150 (11th Cir. 1979). The Supreme Court has held the determinative factor in these cases is the "extrajudicial source doctrine." *Liteky v. United States*, 510 U.S. 540, 555, (1994). Under this doctrine the alleged bias must stem from information that the judge has gained from outside the judicial context. *Id*. The Eleventh Circuit has also adopted the extrajudicial source doctrine for resolving recusal actions brought under § 144 stating,

> The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceedings. An exception to this rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that constitutes bias against party.

*Hamm v. Members of the Bd of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).

Accordingly, the Court found Defendant's recusal motion was legally insufficient because Defendant failed to specify personal bias or prejudice harbored by the undersigned based on extrajudicial sources, or that the undersigned made remarks in a judicial context demonstrating pervasive bias and prejudice. *See Glassroth v. Moore* 229 F.Supp.2d 1283, 1286 (M.D. Ala. 2003). Rather, in his affidavit, Defendant set forth numerous grounds for recusal that are legally insufficient under § 144.

Particularly, Defendant's arguments numbered 1 and 2 above, described a conflict of interest Defendant encountered with his attorney at trial. Notwithstanding Defendant's own concession in his affidavit that he waived this conflict of interest, these arguments did not establish a legally sufficient basis for recusal under § 144 because the allegations were not based on extrajudicial sources or on the undersigned's remarks in a judicial context. *Id*.

Defendant's arguments identified as numbers 3, 4 and 8 also failed for the same reasons as 1 and 2. As to 3 and 4, the Court found that Defendant's contentions that the undersigned

3

exhibited partiality by not allocating him adequate time to review and prepare a defense to the Government's untimely disclosure of *Giglio* material; and that the Court rushed Defendant's trial due too the parties' concern of inclement weather, were unsupported, highly speculative and not extrajudicial in nature.  *See also States v. Grenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[a] judge having been assigned to a case, should not recuse himself on unsupported, irrational or highly tenuous speculation.").

As to argument number 8, the Court found that even if *arguendo,* a reasonable person could believe that the length of time for which some of Defendant's prior motions were pending with the Court prior to their resolution implicitly demonstrated partiality, the Court found this argument to be primarily concerned with the Court's administration of Defendant's post-conviction motions.  The argument did not demonstrate that the undersigned acquired a personal bias against Defendant based on information gained from outside the judicial context.  Hence, argument number 8 also was legally insufficient to warrant recusal under § 144.

Lastly, the Court found Defendant's arguments numbered 6 and 7 above also failed to state a legally sufficient basis for recusal under § 144.  It is well settled in the Eleventh Circuit that a "judicial rulings alone almost never constitute a valid basis for bias or partiality recusal motion."  *Draper v. Reynolds* 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The Court found Defendant's contention that the undersigned's order identified in his affidavit reflected partiality was unsupported and warranted no exception to the foregoing general rule.

<u>Recusal under 28 U.S.C. § 455</u>

The Eleventh Circuit, has held,

> [a] judge should recuse himself under § 455(a) when there is an appearance of impropriety. . . . The standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal. . . Moreover a judge should recuse himself under § 455(b) when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality.

*U.S. v. Patti*, 337 F.3d 1317, 1321 (11th. Cir. 2003) (internal citations and quotation marks omitted.). Further, "[b]ias sufficient to disqualify a judge under § 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *U.S. v. Bailey*, 175 F.3d 966, 968 (11th. Cir. 1999) (internal quotation marks and citation omitted.); *accord Liteky v. U.S.*, 510 U.S. 540 (1994).

Defendant's motion for recusal fails for the same reasons they fail under § 144. Having failed to demonstrate that the undersigned harbored actual personal bias or partiality pursuant to the applicable standards for recusal under both statutes, Defendant's motion for recusal was denied.

DONE AND ORDERED this 8th day of July, 2009 *nunc pro tunc*, for June 1, 2009 at Miami Florida.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
Shemtov Michtavi, *pro se*